UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICIA CASCIO                                    CIVIL ACTION NO. 17-cv-1105
                                                   LEAD

VERSUS                                             JUDGE FOOTE

BALKAN EXPRESS, LLC, ET AL                         MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

A tractor-trailer rig traveling on I-20 rear ended a Dodge stratus driven by Jabriel Pennington, which led to a chain reaction crash that involved several other cars. Mr. Pennington filed suit in state court against the truck driver and other defendants, and his case was removed to this court. It was then consolidated with a similar action filed by Patricia Cascio, another driver who alleges she was injured in the accident.

Before the court is a Motion to Dismiss (Doc. 25) in which two of the defendants ask the court to dismiss Mr. Pennington's claims because he has failed to comply with a discovery order. After the motion was filed, Mr. Pennington's attorney withdrew based on a lack of communication from Mr. Pennington. For the reasons that follow, it is recommended that all claims asserted by Mr. Pennington be dismissed for failure to prosecute.

**Relevant Facts**

Defendants Michael Ratliff and National Specialty Insurance Company served interrogatories and requests for production of documents on Mr. Pennington in January 2018. The defendants afforded Mr. Pennington extensions of time, but he failed to respond. They filed a motion to compel. The court entered an order (Doc. 24) that directed Mr. Pennington to "provide full and complete answers to the outstanding written discovery no later than April 17, 2018" and warned that failure to do so "will result in an appropriate sanction."

Defendants represent in their motion to dismiss that they did receive a response to the discovery on April 17 from Mr. Pennington's attorney, Jack M. Bailey Jr., but the answers were not complete and indicated that Mr. Pennington did not personally participate in preparing the responses. The responses included objections and noted that "counsel has not received any response from plaintiff to any of the multiple requests for plaintiff to meet with counsel in order to review his discovery responses." Attorney Bailey indicated that he had not spoken with Mr. Pennington since late February 2018.

Attorney Bailey filed a Motion to Withdraw (Doc. 27) soon after the defendants filed their motion to dismiss. He stated, "It appears that plaintiff has abandoned his counsel." Mr. Bailey wrote that he sent five letters to Mr. Pennington during March and April 2018, as well as a Facebook message, all asking him to contact Mr. Bailey as soon as possible. There was no response from Mr. Pennington. Mr. Bailey represented that he gave notice of his intention to withdraw to Plaintiff by mailing his motion to Mr. Pennington's last known home address and Mr. Pennington's grandmother's home, where

he had been known to stay, with both addresses being here in Shreveport. Mr. Bailey noted that Mr. Pennington had said he no longer has a telephone and could not give a contact telephone number to his counsel.

The court issued an order (Doc. 28) that granted Bailey's motion to withdraw, strongly encouraged Mr. Pennington to retain new counsel, and granted Mr. Pennington until May 30, 2018 to either (1) enroll new counsel or (2) file with the court a written statement that he intends to represent himself. The order warned: "Failure to take one of these steps by the May 30, 2018 deadline may result in Plaintiff's case being dismissed, without further notice, for failure to prosecute." The court mailed a copy of that order to both Mr. Pennington's address and his grandmother's address. The copy mailed to Mr. Pennington's home address was returned marked not deliverable, but the copy addressed to his grandmother was not returned.

**Analysis**

Federal Rule of Civil Procedure 37(b)(2) provides that a court may dismiss an action or impose other sanctions if a party fails to obey an order to provide or permit discovery. A dismissal with prejudice for violation of a discovery order is permitted if: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994); Chisesi v. Auto Club Family Ins. Co., 374 Fed. Appx. 475 (5th Cir. 2010).

The court also has the authority to dismiss an action for failure to comply with an order, such as the one that directed Mr. Pennington to either enroll new counsel or file a written statement that he intends to represent himself.  "A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."  Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties."  Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982).

There is a clear record of delay or contumacious conduct in this case.  Multiple letters from counsel, a Facebook message, and a court order failed to get Mr. Pennington to do anything to participate in his case.  The record indicates that the violations of the orders and delays are attributable to Mr. Pennington rather than his former attorney, who made multiple efforts to get Mr. Pennington to participate.  The misconduct substantially prejudices the defendants, who lack even the most basic discovery that is ordinarily obtained through the interrogatories and requests for production that were served.  There is no reason to believe that a less drastic sanction would accomplish anything, considering that Mr. Pennington has completely abandoned his counsel and this case.

Mr. Pennington has been provided with more than an ample opportunity to indicate his desire to prosecute this case.  He has done nothing, and his inaction has prejudiced the defendants.  Proceeding further with this action would be a waste of time and resources for

both the court and the parties. Dismissal with prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.[1]

Accordingly,

**IT IS RECOMMENDED** that all claims asserted by Jabriel Pennington be **dismissed with prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

---

[1] Mr. Pennington's civil action was consolidated with Ms. Cascio's case, and Ms. Cascio's case is the lead action. Dismissal of Mr. Pennington's claims will be final with respect to his claims, and any judgment that adopts this recommendation is immediately appealable. Hall v. Hall, 138 S.Ct. 1118 (2018).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of June, 2018.

Mark L. Hornsby
U.S. Magistrate Judge